[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO STRIKE
On February 22, 2000, the defendants filed their motion to strike the second count of the plaintiff's amended complaint. The plaintiff objected to the motion. Memoranda of law were filed as required. The present action arises out of an accident occurring when the Plaintiff's vehicle was struck by a train of the Defendant railroad. At the time of the injury, the plaintiff was in her car, then on a railroad crossing with no crossing gate or warning lights. The plaintiff claims the roadway was defective and the view along the tracks was obstructed by trees and vegetation.
The defendant's motion to strike is premised on two claims: CT Page 5441
 (1) that the plaintiff did not allege that she was in the exercise of due care and that the alleged defect in the roadway was the sole proximate cause of her injuries, and
 (2) that the notice required pursuant to Connecticut General Statutes § 13a-149 was not attached to the amended complaint in violation of the Practice Book § 10-68.
For the reasons set forth below, the court denies the motion to strike.
1. The Standard of Review:
"The standard of review for granting a motion to strike is well settled. In an appeal from a judgment following the granting of a motion to strike, we must take as true the facts alleged in the plaintiffs complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency." Sassone v.Lepore, 226 Conn. 773, 780, 629 A.2d 3567 (1993), Michaud v. Wawruck,209 Conn. 407, 408, 551 A.2d 738 (1988). Waters v. Autuori,236 Conn. 820, 822, 676 A.2d 357 (1996). A motion to strike admits all facts well pleaded. See Connecticut Practice Book § 10-39. "A determination regarding the legal sufficiency of a claim is, therefore, a conclusion of law, not a finding of fact. If facts provable in the complaint would support a cause of action, the motion to strike must be denied . . ." Faulkner v. United TechnologiesCorp., 240 Conn. 576, 580, 693 A.2d 293 (1997). Moreover, "necessary implications from allegations contained within the complaint need not be expressly alleged." Clohessy v. Bachelor, 237 Conn. 31, 33 n. 4,675 A.2d 852 (1996), Knight v. F. L. Roberts Co., 241 Conn. 466,470-71, 696 A.2d 1249 (1997), Pamela B. v. Ment, 244 Conn. 296, 308,709 A.2d 1089 (1998). Emerick v. Kuhn, 52 Conn. App. 724, 728-29, ___ A.2d ___ cert. denied, 249 Conn. 929, ___ A.2d ___ (1999). Bell v.Board of Education, 55 Conn. App. 400, 404, 739 A.2d 321 (1999).
2. Discussion:
The first claim raised by the defendants is that the plaintiff failed to allege that she was in the exercise of due care and that the alleged defect was the sole proximate cause of the plaintiffs injuries. A review of count two indicates that the plaintiff did not specifically allege the legal conclusions cited by the defendants. Nonetheless, the court concludes that if the allegations contained within the count are construed most favorably to the plaintiff, as required, the allegations are sufficient, as a matter of law, to survive a motion to strike. CT Page 5442
The second claim raised by the defendants is the plaintiffs failure to attach a copy of the required notice to the municipality to the amended complaint. The defendants rely on Practice Book §10-68, which requires that a copy of the notice either be attached or that the plaintiff "recite the same in the complaint." A review of the complaint reveals that the notice is recited within the complaint itself. While that recitation is brief and without details, the court again concludes, construing it in the light most favorable to the plaintiff, that the recitation is legally adequate pursuant to the Practice Book rule relied upon.
For the foregoing reasons, the court denies the defendants' motion to strike.
___________________ Barbara M. Quinn Judge